Filed
MAY 0 6 2014
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREG LUBISCH, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | No. C 14-00061 EJD (PR)<br><br>ORDER OF DISMISSAL WITH LEAVE TO AMEND; DISMISSING PLAINTIFF MOYE; DENYING MOTION FOR TRIAL<br><br><br>(Docket No. 7) |

On January 6, 2014, Plaintiff, who appears to be a pretrial detainee in the County of San Francisco, filed a civil rights action under 42 U.S.C. § 1983 against the United States of America. Then on January 17, 2014, Plaintiff filed an amended complaint along with another pretrial detainee, Malinka Moye. (Docket No. 5.) Accordingly, the amended complaint is the operative complaint in this action. Plaintiff's motion for leave to proceed in forma pauperis will be granted in a separate order.

## DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a

Order of Dismissal with Leave to Amend
P:\PRO-SE\EJD\CR.14\00061Lubisch_dwlta.wpd

prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.    Plaintiff's Claims**

Plaintiff Greg Lubisch is the lead plaintiff in this action. Plaintiffs name only the "United States Government of America" (the "Government") as Defendant in this action for damages. The action must be dismissed with leave to amend for the following deficiencies.

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 553-56 (2007) (citations omitted). To state a claim that is plausible on its face, a plaintiff must allege facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (finding under Twombly and Rule 8 of the Federal Rules of Civil Procedure, that complainant-detainee in a Bivens action failed to plead sufficient facts "plausibly showing" that top federal officials "purposely adopted a

policy of classifying post-September-11 detainees as 'of high interest' because of their race, religion, or national origin" over more likely and non-discriminatory explanations).

From these decisions, the following "two principles" arise: "First to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011); see, e.g., AE v. County of Tulare, 666 F.3d 631, 637 (9th Cir. 2012) (applying Starr standard to pleading policy or custom for claims against local government entities); see also McHenry v. Renne, 84 F.3d 1172, 1177-78 (9th Cir. 1996) (a complaint must make clear "who is being sued, for what relief, and on what theory, with enough detail to guide discovery").

The amended complaint fails to meet the minimum pleading requirements to state a § 1983 claim. At a minimum, Plaintiffs must provide sufficient underlying facts to give Defendant fair notice of the claims against them, *e.g.*, what specific federal rights were violated, when the alleged violations occurred, and how Defendant was responsible for the violations. Erickson, 551 U.S. at 93. Furthermore, the allegations fail to explain whether "Plaintiff" refers to Lubisch or Moye or both. The amended complaint states that this action arises under various Constitutional Amendments, but contains insufficient facts indicating how Defendant acted to violate Plaintiff's Constitutional rights.

Most importantly, even if Plaintiff alleged sufficient underlying facts to give Defendant notice of the claims against them, Plaintiff must show that the United States of America waived sovereign immunity as to such claims. See Loeffler v. Frank, 486 U.S. 549, 554 (1988); Cato v. United States, 70 F.3d 1103, 1107 (9th Cir.

1995) (sovereign immunity shields the federal government and its agencies from suit). Furthermore, because Plaintiff is proceeding in forma pauperis, the complaint is subject to dismissal as frivolous if he fails to assert a waiver of sovereign immunity. See Cato, 70 F.3d at 1106-07. Accordingly, the amended complaint will be dismissed with leave to amend to attempt to cure these deficiencies.

Lastly, this action cannot proceed with multiple plaintiffs. Generally, pro se plaintiffs are prohibited from pursuing claims on behalf of others in a representative capacity. See Simon v. Hartford Life, Inc., 546 F.3d 661, 664-65 (9th Cir. 2008); see also Russell v. United States, 308 F.2d 78, 79 (9th Cir. 1962) ("a litigant appearing in propria persona has no authority to represent anyone other than himself"); see also Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) (per curiam) ("Ability to protect the interests of the class depends in part on the quality of counsel, and we consider the competence of a layman representing himself to be clearly too limited to allow him to risk the rights of others.") (citation omitted). In particular, pro se prisoner plaintiffs may not act as class representatives because they cannot fairly and adequately protect the interests of the class. See id. Here, Plaintiff Lubisch is an incarcerated litigant who cannot ably protect the interests of a class of similarly situated prisoners. Accordingly, to the extent that Plaintiff is seeking class certification, such certification is DENIED. This action will proceed only on the claims personal to Plaintiff Greg Lubisch, and plaintiff Moye will be dismissed as a party to this action with leave to pursue an individual civil action.

Plaintiff's motion for trial, (Docket No. 7), is DENIED as premature.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. This action shall proceed solely on the claims personal to Plaintiff Greg Lubisch. Accordingly, Plaintiff Malinka Moye is DISMISSED as a party to this action, to filing an individual civil action if so desired. The Clerk shall

terminate this plaintiff from this action.

The Clerk shall send a blank court complaint and an in forma pauperis application, along with a copy of this order, to Plaintiff Moye.

The amended complaint is DISMISSED with leave to amend. Within **twenty-eight (28) days** of the date this order is filed, Plaintiff Lubisch shall file an amended complaint. The amended complaint must include the caption and civil case number used in this order and the words "SECOND AMENDED COMPLAINT" on the first page and write in the case number for this action, Case No. C 14-00061 EJD (PR). If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed.

**Failure to respond in accordance with this order by filing a second amended complaint in the time provided will result in the dismissal of this action without prejudice and without further notice to Plaintiff.**

The Clerk shall include two copies of the court's complaint with a copy of this order to Plaintiff.

This order terminates Docket No. 7.

DATED: 5/5/14

EDWARD J. DAVILA
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

GREGORY LUBISCH, et al.,

    Plaintiffs,

v.

UNITED STATES OF AMERICA,

    Defendant.

Case Number: CV14-00061 EJD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 5/06/14, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Greg Lubisch J-12674079
Hall of Justice
850 Bryant Street, 7th Floor
San Francisco, CA 94103

Malinka Tacuma Wade-Moye J1269486 CJ-D-12
Hall of Justice SF#546517
850 Bryant, 7th Floor
San Francisco, CA 94102

Dated: 5/06/14

Richard W. Wieking, Clerk
By: Elizabeth Garcia, Deputy Clerk